PER CURIAM:
Writ granted. Miranda v Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) requires that a suspect subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and that the police must explain this right to the suspect before questioning begins. Id. , 384 U.S. at 469-473, 86 S.Ct. at 1625-1627. When an accused has "expressed his desire to deal with the police only through counsel, [he] is not subject to further interrogation by the authorities until counsel has been made available to him unless the accused himself initiates further communication, exchanges, or conversations with the police." Edwards v. Arizona , 451 U.S. 477, 484-485, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981). In the present case, while demonstrating some confusion regarding his rights, defendant nonetheless clearly and unambiguously invoked his right to counsel at which point the detective should have ceased further inquiry. Accordingly, we grant defendant's application to reverse the district court's denial of his motion to suppress his statement, and remand for further proceedings consistent with the views expressed here.
REVERSED AND REMANDED
WEIMER, J., would grant and docket.
GUIDRY, J., would deny.